**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 18-14445-CV-ROSENBERG**
**MAGISTRATE JUDGE REID**

DIEGO TAMBRIZ-RAMIREZ,

    Petitioner,

v.

FLA. DEP'T OF CORR. et al.,

    Respondents.

## REPORT OF MAGISTRATE JUDGE

Petitioner has filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254. His petition attacks the constitutionality of his judgment of conviction in Case No. 432010CF000813A, Nineteenth Judicial Circuit of Florida, Martin County.

The undersigned has reviewed the entire record, including the petition. [ECF 1]. As discussed below, the petition should be DENIED.

### I.  Background

A.  Factual Overview

The victim testified that, using a shirt as a mask, petitioner broke into her home at night and attacked her with a knife, trying to raise her shirt and pry her legs/knees apart. [ECF 10-1, pp. 51-68, 148-49].[1] During the attack, petitioner put a knife to her face and neck. [*Id.* p. 139]. The victim recognized petitioner because she had previously cut his hair. [*Id.* pp. 134-35, 148-49, 166]. Petitioner later confessed to the offense when questioned by the police. [*Id.* pp. 246-47]. Further,

---

[1] All page citations for ECF entries refer to the page-stamp number located at the top, right-hand corner of the page.

before trial, petitioner sent the victim letters in which he apologized and asked her to drop the charges. [*Id.* pp. 143-47]. Petitioner did not testify. [*Id.* pp. 261-62].

B.       Indictment, Trial, and Direct Appeal

The state charged petitioner with burglary of a dwelling with an assault or battery while armed and masked (count 1); aggravated assault with a deadly weapon while masked (count 2); and attempted sexual battery on a person 12 or older with great force or a deadly weapon (count 3). [ECF 11-1, p. 2]. The jury convicted him on all counts. *Tambriz-Ramirez v. State*, 112 So. 3d 767, 767 (Fla. 4th DCA 2013). The court sentenced petitioner to life on count 1, 15 years on count 2, and 30 years on count 3, to be served consecutively. [ECF 11-1, pp. 10-13].

Petitioner appealed. In a written opinion, the Fourth District Court of Appeal ("Fourth District") held that his 30-year sentence on count 3 was illegal and remanded for resentencing. *Tambriz-Ramirez*, 112 So. 3d at 767. The court rejected petitioner's remaining arguments and otherwise affirmed. *See generally id.* On remand, the trial court sentenced petitioner to 15 years on count 3, to be served consecutively to his remaining sentences. [ECF 11-1, pp. 77-78].

C.       State Postconviction Proceedings

Petitioner filed a motion for reduction or modification of sentence under Florida Rule of Criminal Procedure 3.800(c). [*Id.* p. 85]. The postconviction court denied it. [*Id.* p. 92].

Petitioner filed an amended motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. [*Id.* p. 131]. The postconviction court denied it. [*Id.* p. 212]. Petitioner appealed. The Fourth District affirmed in a written decision. *Tambriz-Ramirez v. State*, 213 So. 3d 920 (Fla. 4th DCA 2017). The Florida Supreme Court accepted jurisdiction and affirmed in a written decision. *Tambriz-Ramirez v. State*, 248 So. 3d 1087 (Fla. 2018).

Petitioner filed a habeas petition directly in the Fourth District alleging ineffective assistance of appellate counsel. [ECF 11-1, p. 221]. The Fourth District affirmed without comment. [ECF 11-2, p. 69].

D.  This § 2254 Case

Petitioner timely filed his § 2254 petition. [ECF 1]. The state filed a response and supporting documentation. [ECF 9; 10; 11]. Petitioner did not reply.[2]

## II. Legal Standard Under 28 U.S.C. § 2254

Title 28 U.S.C. § 2254(d) sets forth the following standards for granting federal habeas corpus relief:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Under § 2254(d)(1)'s "contrary to" clause, courts may grant the writ if the state court: (1) reaches a conclusion on a question of law opposite to that reached by the Supreme Court; or (2) decides a case differently than the Supreme Court has on materially indistinguishable facts.

---

[2] In its response, the state argues that the petition is untimely based on its calculation of 374 days of untolled statutory time. [ECF 9, p. 7]. Essential to this calculation is the state's determination that there were 291 untolled days between the postconviction court's denial of petitioner's Rule 3.800(c) motion and the filing of his Rule 3.850 motion. However, the state failed to appreciate that the 30-day period within which petitioner could have appealed the denial of the Rule 3.800(c) motion counted toward tolling. *See Cramer v. Sec'y, Dep't of Corr.*, 461 F.3d 1380, 1381-82, 1384 & n.3 (11th Cir. 2006) (per curiam). Thus, in total, there were only 344 days of untolled statutory time. The petition is timely.

3

*Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). Under its "unreasonable application" clause, courts may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the case. *Id.* at 413. "[C]learly established Federal law" consists of Supreme Court "precedents as of the time the state court renders its decision." *Greene v. Fisher*, 565 U.S. 34, 38 (2011) (citation and emphasis omitted).

An unreasonable application of federal law differs from an incorrect application of federal law. *Renico v. Lett*, 559 U.S. 766, 773 (2010) (citation omitted). Under this standard, "a state prisoner must show that the state court's ruling . . . was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

Courts "apply this same standard when evaluating the reasonableness of a state court's decision under § 2254(d)(2)." *Landers v. Warden*, 776 F.3d 1288, 1294 (11th Cir. 2015). That is, "[a] state court's . . . determination of facts is unreasonable only if no 'fairminded jurist' could agree with the state court's determination." *Id.* (citation omitted).

Under § 2254(d), "when the last state court to decide a prisoner's federal claim explains its decision on the merits in a reasoned opinion[,]" "a federal habeas court simply reviews the specific reasons given by the state court and defers to those reasons if they are reasonable." *Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018).

But where the decision of the last state court to decide a prisoner's federal claim contains no reasoning, federal courts must "'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale." *Id.* "It should then presume that the unexplained decision adopted the same reasoning." *Id.*

A contrastable situation occurs when the decision of the last state court to decide a federal claim contains no reasoning and there is "no lower court opinion to look to." *Id.* at 1195. In this case, "it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Richter*, 562 U.S. at 99 (citation omitted). Thus, in this scenario, "[s]ection 2254(d) applies even [though] there has been a summary denial." *Cullen v. Pinholster*, 563 U.S. 170, 187 (2011) (citation omitted). Because § 2254(d) applies, and because the last state court decision is unreasoned and there is no lower court decision to look to, "a habeas court must determine what arguments or theories . . . could have supported[] the state court's decision[.]" *Richter*, 562 U.S. at 102.

### III. Legal Analysis

A. <u>Claim 1</u>

Claim 1 lacks merit.

#### 1. *Petitioner's Argument*

Petitioner contends that his convictions violated double jeopardy. He reasons that "all of the elements" of aggravated assault (count 2) and attempted sexual battery (count 3) "are contained within" the charge of burglary with a battery (count 1). *See* [ECF 1, p. 5]. Petitioner does not elaborate. [*Id.*].

#### 2. *State Court Decisions*

In his Rule 3.850 motion, petitioner contended that counsel ineffectively failed to raise this double jeopardy argument. [ECF 11-1, p. 141]. The postconviction court denied it. [*Id.* p. 217]. The court reasoned that petitioner could not show prejudice because he received a life sentence on the burglary charge. [*Id.*].

Petitioner appealed. The Fourth District's "rationale for affirmance differ[ed] from that of the trial court[.]" *Tambriz-Ramirez*, 213 So. 3d at 921. In finding no double jeopardy violation, the Fourth District reasoned that "neither aggravated assault, nor attempted sexual battery, is subsumed within the offense of burglary with an assault or battery." *Id.* at 922. Further, the Fourth District "certif[ied] conflict with decisions of the First and Fifth District Courts of Appeal, which ha[d] found a double jeopardy violation where a defendant is convicted of burglary with an assault and aggravated assault committed in the same episode." *Id.* at 921. The Fourth District did not treat the claim as an ineffectiveness claim. *See generally id.*

The Florida Supreme Court ("Court") accepted jurisdiction and affirmed. *See generally Tambriz-Ramirez*, 248 So. 3d 1087. Regarding the convictions for burglary with an assault or battery and aggravated assault, the Court reasoned, "The statutory elements of aggravated assault include (a) use of a deadly weapon or (b) intent to commit a felony, and neither of these elements is subsumed within a burglary with an assault or battery." *Id.* at 1094-95. The Court added that "a defendant can commit a burglary with an assault or battery without also committing an aggravated assault." *Id.* at 1095.

Regarding the convictions for burglary with an assault or battery and attempted sexual battery, the Court reasoned, "Each offense clearly requires proof of elements the other does not, and the statutory elements of an attempted sexual battery are not subsumed within the elements of burglary with a battery." *Id.* The Court added that "one can commit a burglary with a battery without committing an attempted sexual battery." *Id.*

### 3. *Discussion*

The Double Jeopardy Clause "protects against multiple punishments for the same offense." *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969). "With respect to cumulative sentences

imposed in a single trial, the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." *Missouri v. Hunter*, 459 U.S. 359, 366 (1983). "If there is no clear indication of legislative intent to impose cumulative punishments, [courts must] examine the relevant statutes under the same-elements test of *Blockburger*." *Williams v. Singletary*, 78 F.3d 1510, 1513 (11th Cir. 1996). "Under that test, if each statutory offense requires proof of an element not contained in the other, the offenses are not the 'same' and double jeopardy is no bar to cumulative punishment." *Id.*

Here, the Court reasonably held that petitioner's convictions did not violate double jeopardy. The Court held that the elements of aggravated assault and attempted sexual battery are not subsumed in burglary with an assault or battery. While petitioner alleges otherwise, his allegation is unsupported and conclusory. Furthermore, it is evident that burglary with an assault or battery requires proof of elements that aggravated assault and attempted sexual battery do not. *See Tambriz-Ramirez v. State*, 248 So. 3d at 1094-95 (noting that burglary requires proof that the defendant entered a structure with the intent to commit an offense therein).

In sum, the Court's rejection of claim 1 was not contrary to, or an unreasonable application of, clearly established federal law or an unreasonable determination of the facts.

B.    Claim 2

Claim 2 lacks merit.

### 1.    *Petitioner's Argument*

Petitioner essentially contends that appellate counsel failed to argue that the trial court erred in denying his motion to suppress. *See* [ECF 1, p. 6]. In support, he contends that, although he is from Guatemala, he speaks a dialect of Spanish and did not understand the interviewing detective who spoke to him in Spanish. *See* [*id.*]. Thus, he contends that he did not knowingly and voluntarily

7

waive his *Miranda*[3] rights. *See* [*id.*]. Petitioner provides no further allegations to support this claim. [*Id.*].

### 2. *Relevant Background*

In the trial court, petitioner moved to suppress his confession on essentially the same grounds. *See* [ECF 11-2, pp. 39-50]. The court held an evidentiary hearing. [ECF 11-1, pp. 282-300; ECF 11-2, pp. 1-53]. The court denied the motion. It reasoned that petitioner "adequately understood the [*Miranda*] warnings . . . and . . . had . . . no problem[] communicating in Spanish with the detective interviewer." [ECF 11-2, p. 52]. Further, the court reasoned that "both the interviewer['s testimony] and the transcript clearly show[ed] . . . that [petitioner] understood his rights and answered questions posed by the arresting officer and interpreting officer . . . without any . . . difficulty . . . whatsoever." [*Id.* p. 53]. Additionally, the court found "the interpreter/detective's testimony. . . to be clearly the most credible." [*Id.*]. By contrast, the court found petitioner's "testimony [] essentially not credible." [*Id.*]. Hence, the court denied the motion, concluding that the state established that petitioner "accurately understood the [*Miranda*] [w]arnings and that he communicated his full understanding and made a voluntary waiver of those [*Miranda*] [r]ights[.]" [*Id.*].

### 3. *State Court Decisions*

Petitioner raised this claim in a petition alleging ineffective assistance of appellate counsel filed directly in the Fourth District. [ECF 11-1, pp. 225-32]. The state filed a response, [*id.* pp. 258-63], and the Fourth District denied the petition without comment. [ECF 11-2, p. 69].

### 4. *Discussion*

---

[3] *Miranda v. Arizona*, 384 U. S. 436 (1966).

*Strickland v. Washington*, 466 U.S. 668 (1984), "governs a claim of ineffective assistance of appellate counsel." *Overstreet v. Warden*, 811 F.3d 1283, 1287 (11th Cir. 2016) (citation omitted). "Under *Strickland*, a petitioner must show (1) his attorney's performance was deficient, and (2) the deficient performance prejudiced the petitioner's defense." *Id.* (citing *Strickland*, 466 U.S. at 687). "When considering deficient performance, a court must presume counsel's performance was within the wide range of reasonable professional assistance." *Id.* (citing *Strickland*, 466 U.S. at 689).

"Appellate counsel has no duty to raise every non-frivolous issue and may reasonably weed out weaker (albeit meritorious) arguments." *Id.* (citation omitted). "'Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome.'" *Id.* (quoting *Smith v. Robbins*, 528 U.S. 259, 288 (2000)); *see also Davila v. Davis*, 137 S. Ct. 2058, 2067 (2017) ("Declining to raise a claim on appeal . . . is not deficient performance unless that claim was plainly stronger than those actually presented to the appellate court." (citation omitted)).

"A petitioner satisfies the prejudice prong upon showing that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Overstreet*, 811 F.3d at 1287 (quoting *Strickland*, 466 U.S. at 694). "'The standards created by *Strickland* and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so.'" *Id.* (quoting *Richter*, 562 U.S. at 105).

Here, the Fourth District reasonably rejected claim 2. The trial court held an evidentiary hearing on petitioner's motion to suppress and found that petitioner could communicate with the detective in Spanish and knowingly and voluntarily waived his *Miranda* rights. Petitioner's allegation to the contrary is unsupported and conclusory. Furthermore, the trial court found

9

"essentially not credible" petitioner's testimony that he could not understood the detective in Spanish because his native language was a dialect. Because petitioner has not submitted "clear and convincing evidence" showing otherwise, this credibility determination is binding. *See Bishop v. Warden, GDCP*, 726 F.3d 1243, 1259 (11th Cir. 2013) (citations omitted). In short, appellate counsel could have readily concluded that the issue was meritless. *See Chandler v. Moore*, 240 F.3d 907, 917 (11th Cir. 2001) ("[A]ppellate counsel was not ineffective for failing to raise a nonmeritorious issue.").

In sum, the Fourth District's rejection of claim 2 was not contrary to, or an unreasonable application of, clearly established federal law or an unreasonable determination of the facts.

## IV.     Evidentiary Hearing

"[B]efore a habeas petitioner may be entitled to a federal evidentiary hearing on a claim that has been adjudicated [on the merits] by the state court, he must demonstrate a clearly established federal-law error or an unreasonable determination of fact on the part of the state court, based solely on the state court record." *Landers*, 776 F.3d at 1295.

Here, petitioner's claims were adjudicated on the merits in state court, and he has not demonstrated an error in clearly established federal law or an unreasonable determination of fact. Thus, an evidentiary hearing is improper.

## V.     Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Cases. "If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." *Id.* "If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure

10

22." *Id.* "A timely notice of appeal must be filed even if the district court issues a certificate of appealability." Rule 11(b), Rules Governing § 2254 Cases.

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court rejects a petitioner's constitutional claims on the merits, "a petitioner must show that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Here, in view of the entire record, the undersigned denies a certificate of appealability. If petitioner disagrees, he may so argue in any objections filed with the district court. *See* Rule 11(a), Rules Governing § 2254 Cases ("Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue.").

## VI.     Recommendations

As discussed above, it is recommended that petitioner's § 2254 petition [ECF 1] be DENIED.

It is further recommended that no certificate of appealability issue; that final judgment be entered; and that this case closed.

Objections to this report may be filed with the district judge within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar petitioner from a *de novo* determination by the district judge of an issue covered in this report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district judge except upon grounds of plain error or manifest injustice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 148-53 (1985).

SIGNED this 22nd day of October, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

Diego Tambriz-Ramirez
C06144
Hamilton Correctional Institution
Inmate Mail/Parcels
10650 SW 46th Street
Jasper, FL 32052
PRO SE

Alexandra A. Folley
Florida Office of the Attorney General
Criminal Appeals
1515 North Flagler Drive, Suite 900
West Palm Beach, FL 33401
561-268-5251
Fax: 561-837-5016
Email: alexandra.folley@myfloridalegal.com

Noticing 2254 SAG Broward and North
Email: CrimAppWPB@MyFloridaLegal.com